[File No. 5972.]

ANDREW DEUCHSCHER, on Behalf of Himself and All Others Similarly Situated, as Set Forth in the Complaint, Appellant, v. CITY OF JAMESTOWN, a Municipal Corporation, Carl Lindberg, and F. W. Pinney, as City Engineer of the City of Jamestown, Respondents.

(237 N. W. 814.)

Opinion filed August 5, 1931.

*Buck & Buck,* for appellant.

*F. G. Kneeland,* City Attorney of Jamestown, and *Carr & Rittgers,* for respondents.

BIRDZELL, J. This is an action to enjoin the construction of curbing on Pittsburgh Avenue, South, in the city of Jamestown. From a judgment dismissing the action the plaintiff appeals and demands a trial de novo. The case was submitted in the district court on stipulated facts and involves only questions of law. It is agreed that the city ordinances of the city of Jamestown contained specifications for the construction of curbing and that in April, 1931, the city entered into a general contract with Carl Lindberg for such curbing as might be required in the city during the year 1931. In June the city counsel directed Lindberg to construct the curbing in question according to the combined curb and gutter type specified in the ordinance. It is conceded that all proceedings had were in compliance with the ordinances of the city and with chapter 72 of the Laws of 1917, but it is contended that they are defective on account of the failure of the city council to pass a resolution of necessity and publish notice under § 3704 of the Compiled Laws of 1913, as amended by chapter 182 of the Laws of 1927. Two questions are presented: first, whether, in addition to complying with chapter 72 of the Laws of 1917, it is necessary also to comply with § 3704 of the Compiled Laws of 1913, as amended, in so far as passing a resolution of necessity and publication of notice are concerned; and, second, if curbing may be constructed under the provisions of chapter 72 of the Laws of 1917 alone, whether or not the curb specified in the ordinance and known as the combined curb and gutter type of curbing may be legally constructed thereunder.

In 1905 the legislature passed a comprehensive act for the organization and government of cities. It outlined the two methods for the construction of public improvements by special assessment with which we are here concerned. In the case of sidewalks it was provided that the city council should by ordinance prescribe the width and specify the kind and quality of material and the manner in which they should be constructed, and it required all contracts to be let with reference to the ordinance. It authorized the making of a contract in April of each year upon competitive bidding and where an improvement was ordered the city council was required to notify the owner or occupant of any lot to construct the same at his own expense. In case of his failure to do so, the construction by the person to whom the general contract had been awarded would be ordered. In the case of sewers, paving, curbing

and other public improvements, the council was required, in case it deemed such improvement necessary, to direct the engineer to prepare plans, specifications and estimates, these to be approved by resolution and filed. Thereafter the council was required to pass a resolution declaring such work or improvement necessary to be done according to the plans and specifications, and contracts were to be let pursuant to competitive bidding covering each job. The sections of the present statute in which these two methods are outlined are: in the case of sidewalks §§ 3689 to 3696, inclusive, Compiled Laws of 1913; and in the case of sewers, paving, et cetera, §§ 3697 to 3743b, inclusive.

Section 3703 of the Compiled Laws of 1913 specifically requires plans, specifications and estimates to be made when the "council shall deem it necessary to construct or alter any sewer or to open, widen, extend, grade, curb, pave, repave, gravel, macadamize or gutter any street, highway, avenue, alley, lane or other public ground within the city limits. . . ." Section 3704 requires that after the filing and approval of the plans, specifications and estimates mentioned in § 3703, "the city council shall by resolution declare such work or improvement (except the construction or alteration of sewers) necessary to be done, . . ." It also requires two publications of the resolution, once in each week for two consecutive weeks in the official newspaper, and gives to the property owners liable to be specially assessed certain limited rights in controlling the improvement. (This latter section was amended by chapter 182 of the Session Laws of 1927 in certain respects not material to the present case.) In 1917 the legislature passed a separate act providing for the construction and repair of curbing in cities and for the letting of contracts for the same. Chapter 72, Laws 1917; §§ 3696b1 to 3696b6, inclusive, 1925 Supplement to the Compiled Laws of 1913. This statute follows in the main the plan laid down in the original statute above referred to for the construction of sidewalks. It authorizes the council either by resolution or ordinance to prescribe the plans and specifications for curbs, to determine the kind and quality of material for the same and the manner in which they should be constructed, and all contracts are required to be let with reference to the same. It authorizes a general contract to be let in April upon competitive bidding for the curbing that may be required during the ensuing year. The council or commission is authorized to order curbing put

in by the contractor at the expense of the lot or parcel fronting on or adjoining the curbing, the assessment therefor to be filed in the office of the city auditor who publishes it with notice as to when and where the council will meet to approve the same. The funds collected are required to be placed in a separate fund called a "Curbing Special Fund" and warrants are payable therefrom. All acts and parts of acts in conflict are repealed.

The main contention of the appellant is that this special enactment governing the construction and repair of curbing is not so far inconsistent with the provisions of §§ 3703 and 3704 of the Compiled Laws of 1913, as amended, as to obviate the requirement for the passage and publication of a resolution of necessity and that it should not be construed to deprive the property owners affected of the right to protest as provided in § 3704 as amended. We are of the opinion that these contentions cannot be supported. This special act purports to outline all of the procedure requisite for the construction of curbs by special assessment. The mode provided is complete and independent. Obviously, it was not intended that specifications for curbing should be stated in an ordinance or resolution and that separate specifications should be prepared by an engineer for each job. Nor was it intended that there should be a general contract covering such curbing as might be ordered in during the particular year and a separate contract for each job. The mode provided in the 1917 Law is clearly inconsistent with that provided in §§ 3703 and 3704. Hence, where the council proceeds under the 1917 Law, the inconsistent provisions of the earlier statutes are clearly not applicable. But, it is argued that the provisions of § 3704 requiring a resolution of necessity, the publication of the same and giving the property owners a hearing and a right of protest, are not so far inconsistent with the mode provided by the 1917 Law as to be wholly inapplicable. It is said that these additional steps may be taken without affecting any procedure under the 1917 Law. Suffice it to say, in answer to this contention, that the procedure provided for in § 3704 is predicated upon a mode that is basically inconsistent with that of the 1917 Law. Section 3704 requires a resolution of necessity "After the plans, specifications and estimates mentioned in the preceding section shall have been filed in the office of the city auditor and approved as provided in the preceding section. . . ." Since the preceding sec-

tion can no longer be applicable to curbing to be constructed under the new law, and since, therefore, there will be no plans, specifications and estimates filed in the office of the city auditor, the requirement of a resolution of necessity cannot be applicable. Neither can the provision for the publication of a notice be applicable, for the publication likewise is the publication of the resolution of necessity. It follows that when proceedings are had for the construction of curbing under the comprehensive Act of 1917, which purports to outline every step requisite and to be a complete mode in itself, the original requirements of plans, specifications, estimates, separate bidding and contracting, resolution of necessity, publication and protests are all necessarily inconsistent with the mode and authority expressed in the latter statute, and hence its requirements cannot be applicable where this method is invoked as in the instant case. This is not to say that the original method is necessarily repealed and can no longer be followed as an optional method. See 1 Lewis's Sutherland, Stat. Constr. 2d ed., § 262. This question is not before us and we express no opinion concerning it.

Concerning the contention that under the 1917 Law the ordinance providing specifications for a curbing of the combination curb and gutter type is invalid, little need be said. It is true that gutters and curbs are separately enumerated in § 3703 and that the 1917 Law deals only with curbing, but since curbing must be placed to grade and thus have reference to drainage, we are not prepared to say that a type of curbing may not be specified in the ordinance or resolution which will facilitate drainage and thus tend to insure all the advantages generally sought in curbing a street.

The judgment appealed from is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR, and BURKE, JJ., concur.